UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE VALLES LENARES<br><br>Plaintiff,<br><br>vs.<br><br>KEN SALAZAR, et al.,<br><br>Defendants. | Case No. 1:12-cv-00186-AWI-JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1). |

Plaintiff Frankie Valles Lenares ("Plaintiff") is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, the American Procedures Act and the Indian Reorganization Act. On February 10, 2012, Plaintiff filed his original complaint asserting claims against Ken Salazar, United States Secretary of the Interior, and Larry Echo Hawk, United States Assistant Secretary of the Interior, as well as Lee Fleming, Director of the Office of Federal Acknowledgement. (Doc. 1). This complaint is now before the Court for screening.

**I.     Screening Requirement**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §

1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.     Pleading Standards

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

Plaintiff's Complaint is neither simple nor concise. It consists of __ pages of repetitive and unorganized arguments. While the Court could dismiss the complaint for failure to comply with F.R.C.P. Rule 8, the Court will nevertheless proceed to screen the issues it can decipher from Plaintiff's pleading.

## III.    Plaintiff's Factual Allegations and Contentions

2

Plaintiff alleges that he and the Kern Valley Indian Community Tribe (of which he claims to be a member) were improperly excluded from acknowledgement as a federally recognized tribe by the United States Department of the Interior through the Bureau of Indian Affairs ("BIA"). (Doc. 1 at 10.)  Plaintiff alleges that the BIA told several Kern County tribes,[1] which he refers to as "splinter tribes" of the Tejon Indian Tribe, that they would need to re-apply for federal acknowledgement, pursuant to 25 C.F.R. Part 83.  (Doc. 1 at 9-10).  Plaintiff further contends that the four splinter tribes "have the same history" and are "related to each other."  (Doc. 1 at 10). According to Plaintiff, only the Tejon Indian Tribe (but none of the splinter tribes) received recognition by the BIA as an Indian Tribe.  (Doc. 1 at 10).

Plaintiff alleges that his tribe has complied with "the requirements of 25 C.F.R. Part 83" and therefore should have been recognized, along with the Tejon Indian Tribe.  (Doc. 1 at 10). Plaintiff states that the Department of the Interior cannot deny that his ancestors were present at the signing of the "Treaty of Camp Persifer Smith" in 1851.  (Doc. 1 at 17.)  Additionally, Plaintiff contends that his tribe, the Kern Valley Indian Community, submitted a letter of intent to petition for recognition with the Department of Federal Acknowledgement, dated February 27, 1979, that has yet to be acted upon.  (Doc. 1 at 36).

Based upon these allegations, Plaintiff claims his rights under the Equal Protection Clause of the Fourteenth Amendment and those of his "tribe," have been violated.  Plaintiff further contends that the BIA's failure to recognize his "tribe" constitutes a violation of the Eighth Amendment's prohibition against Cruel and Unusual Punishment.  Plaintiff asserts that his tribe should receive federal recognition because it is a splinter tribe of the Tejon Indian Tribe that received federal recognition in January 2012.  (Doc. 1 at 26).  Plaintiff asserts that the decision to recognize his "tribe" should be deemed retroactive to the date the Tejon Indian Tribe received its recognition. (Doc. 1 at 20).  Finally, Plaintiff alleges that Defendants violated the Administrative Procedure Act and the Indian Reorganization Act of 1934.  (Doc. 1 at 14-28.)

**IV.    42 U.S.C. § 1983 Claims**

---

[1] Plaintiff lists the tribes as the Kern Valley Indian Community, the Tinoqui-Chalola Council of Kitanemuk and Yowlumne Tejon Indians, and the Tubatulabals of Kern Valley.  (Doc. 1 at 9).

Title 42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under § 1983, Plaintiff is required to show that (1) each defendant acted color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Humphrey v. Yates, 2009 U.S. Dist. LEXIS 100252, 8-9 (E.D. Cal. Oct. 27, 2009) (citing Long, 442 F.3d at 1185).

**V.    Discussion and Analysis**

    **A. Constitutional Claims**

Plaintiff, on behalf of himself and his "tribe," claims that Defendants violated the Equal Protection Clause of the Fourteenth Amendment (first claim for relief, Doc. 1 at 16) and the

1  Eighth Amendment prohibition against Cruel and Unusual Punishment (third claim for relief, Doc. 1 at 22) when they failed to federally recognize his "tribe" at the time that the Tejon Indian Tribe was recognized.  However, when the question before the Court relates to an issue reserved for another branch of government, such questions are considered non-justiciable political questions that are not subject to judicial review.  *See* United States v. Sandoval, 231 U.S. 28, 46 (1913); *see also* United States v. Holliday, 70 U.S. 407, 419 (1865).

Article I of the U.S. Constitution provides that Congress shall have the power "[t]o regulate Commerce ... with the Indian Tribes."  U.S. Const., Art. I, § 8, cl. 3.  The Supreme Court has explained that "in respect of distinctly Indian communities the questions whether, to what extent, and for what time they shall be recognized and dealt with as dependent tribes requiring the guardianship and protection of the United States are to be determined by Congress, and not by the courts."  United States v. Sandoval, 231 U.S. at 46*; see also* United States v. Holliday, 70 U.S. at 419 (stating that in regard to the recognition of Indian tribes, "it is the rule of this court to follow the action of the executive and other political departments of the government, whose more special duty it is to determine such affairs").  Consequently, "'the action of the federal government in recognizing or failing to recognize a tribe has traditionally been held to be a political one not subject to judicial review.'"  Miami Nation of Indians of Ind. v. U.S. Dep't of Interior, 255 F.3d 342, 347 (7th Cir. 2001) (quoting William C. Canby, Jr., American Indian Law in a Nutshell 5 (3d ed. 1998)).

In this case, the gravamen of Plaintiff's complaint is that Defendants' have failed to grant Plaintiff's "splinter tribe," Kern Valley Indian Community, federal acknowledgment as a recognized tribe as they did for the Tejon Indian Tribe.  Plaintiff's Complaint seeks federal acknowledgment for his "tribe."  (Doc. 1 at 19).  However, the determination of whether the Kern Valley Indians are entitled to such acknowledgment is a non-justiciable political question and thus beyond the purview of this Court.  Plaintiff's requested relief would necessarily require the Court to inject itself into processes expressly left to Congress.  As a result, Plaintiff's request for the Court to consider the constitutionality of Defendants' failure to recognize his tribe or to grant such recognition "retro-actively," (claims for relief 1-3) do not present cognizable claims that this

Court may address. *See* <u>Winnemem Wintu Tribe v. U.S. Dept. of Interior</u>, 725 F. Supp. 2d 1119, 1132-33 (E.D. Cal. 2010).

### B. Administrative Procedure Act Claim

Plaintiff also brings a claim alleging a violation of the Administrative Procedure Act ("APA"). Under the APA, courts shall "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and shall hold unlawful and set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). To bring suit under the APA, plaintiffs must meet statutory requirements for prudential standing. *See* <u>Churchill County v. Babbitt</u>, 150 F.3d 1072, 1078 (9th Cir.1998); <u>Winnemem Wintu Tribe v. U.S. Dept. of Interior</u> (E.D. Cal. 2010) 725 F.Supp.2d 1119, 1135-36.

Generally, plaintiffs must show that (1) there has been final agency action which adversely affected them, and (2) that as a result, their injury falls within the "zone of interests" of the statutes they claim were violated. 5 U.S.C. § 702; <u>Churchill County</u>, 150 F.3d at 1078; <u>Winnemem Wintu </u>Tribe, 725 F.Supp.2d at 1135-36. However, a plaintiff may bring a claim under 5 U.S.C. § 706(1) of the APA based upon an agency's failure to act when the agency fails to take a discrete action required by law. *See* <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004). Here, Plaintiff's APA claim relates to the latter. He does not allege that final action taken by Defendants adversely affected his "tribe"; rather, Plaintiff complains that Defendants have failed to act upon his "tribe's" letter of intent to petition for recognition with the Department of Federal Acknowledgement, dated February 27, 1979. Thus, Plaintiff may establish prudential standing under the APA and the Court may exercise subject matter jurisdiction over the claims if he pleads sufficient facts to allege Defendant's failed to undertake discrete actions required under these statutes. <u>Winnemem Wintu Tribe</u>, 725 F. Supp. 2d at 1135-36.[2]

---

[2] Plaintiff argues that under 25 C.F.R. §83.7, this Court can and should retroactively compel Defendants to recognize his "tribe." Plaintiff relies on the portion of the regulation that states, "[U]nder certain conditions a petitioning group may be acknowledged even if its membership is composed principally of persons whose names have appeared on rolls of, or who have been otherwise associated with, an

Plaintiff has alleged that his "tribe" has filed a notice of intent for recognition that has not been acted upon. However, such facts are not sufficient to establish that one or more Defendants failed to act in accordance with statutory duties. (See 25 C.F.R. § 83.3(d) stating that "[sp]linter groups" may not be acknowledged under Part 83 of the regulations, but that Part 83 allows " groups that can establish clearly that they have functioned throughout history until the present as an autonomous tribal entity may be acknowledged under this part . . . ."). As a result, Plaintiff has failed to state sufficient facts to support a claim against any defendant under the APA.

### C. Indian Reorganization Act Claim

Additionally, Plaintiff brings a claim under the Indian Reorganization Act ("IRA"). In Allen v. U.S. (N.D. Cal., May 15, 2012) 2012 WL 1710869 *9, the court addressed the issue of "when is an Indian tribe an Indian tribe for purposes of the IRA?" The court noted that "Section 479 of the IRA defines 'individual Indian' as including 'all other persons of one-half or more Indian blood' and 'tribe' as including "any Indian tribe, organized band ... or the Indians residing on one reservation." (Id.) Plaintiff has set forth no facts to demonstrate that the Kern Valley Indian Community is a "tribe" under the IRA, and as such, Plaintiff has failed to state a cognizable claim for a violation of the IRA.

### VI. Leave to Amend

The Court will grant Plaintiff an opportunity to amend the complaint to address the above deficiencies. If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), **it must be brief** but must describe the particular actions of each defendant that he claims deprived him of his constitutional or federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff is advised that he may not change the nature of this suit by adding new, unrelated claims to his amended complaint. See George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints). Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility. Twombly, 550 U.S. at 555-56 (2007) (citations omitted). Plaintiff is also advised

---

acknowledged Indian tribe.") However, 25 C.F.R. § 83.3(d) makes clear that "[sp]linter groups" may not be acknowledged under Part 83 of the regulations. Thus, Plaintiff's claim for retro-active recognition for his tribe, fails to state a claim.

7

that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff should be aware that an amended complaint supercedes any prior complaints. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

**VII.   Conclusion and Order**

For the foregoing reasons, the Court finds that Plaintiff's complaint states a cognizable claim under the APA against Defendants. Plaintiff's remaining allegations fail to state cognizable claims.

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint attempting to cure the deficiencies identified by the Court in this order.
2. Plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **September 28, 2012**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE