UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE VALLES LENARES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEN SALAZAR, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-00186-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

　　　　Plaintiff Frankie Valles Lenares ("Plaintiff") is proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983, the American Procedures Act, and the Indian Reorganization Act. For the following reasons, the Court recommends the action be **DISMISSED WITHOUT PREJUDICE**.

I.　**Relevant Procedural History**

　　　　On September 28, 2012, the Court dismissed Plaintiff's complaint with leave to amend, and attempted service at an address provided by Plaintiff. (Doc. 8). However, the order was returned as undeliverable on October 9, 2012. Plaintiff failed to notify the Court of a change of address.

II.　**Requirements of the Local Rules**

　　　　Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without

1

1  prejudice for failure to prosecute." LR 183(b).  Because more than 63 days have passed since the
2  document was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

3  **III.    Discussion and Analysis**

4  "District courts have inherent power to control their dockets," and in exercising that power, a
5  court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los*
6  *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a
7  party's failure to prosecute an action or failure to obey a court order, or failure to comply with local
8  rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply
9  with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
10 comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424
11 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

12 In determining whether to dismiss an action for failure to prosecute, failure to comply with the
13 Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1)
14 the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
15 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
16 merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also*
17 *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

18 In the case at hand, the public's interest in expeditiously resolving this litigation and the
19 Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the
20 defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence
21 of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th
22 Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to
23 prosecute or notify the Court of a change in address.  Further, the policy favoring disposition of cases
24 on their merits is outweighed by the factors in favor of dismissal.

25 On February 13, 2012, the Court warned Plaintiff: "**Failure to comply with the Local Rules,**
26 **federal rules, or a court order . . . will be grounds for dismissal, entry of default, or other**
27 **appropriate sanctions**."  (Doc. 3-2 at 1) (emphasis in original).  Thus, Plaintiff had adequate warning
28 that dismissal would result from his noncompliance with the Local Rules, and this satisfies the

requirement that the Court consider less drastic measures than dismissal of the action. *Ferdik*, 963 F.2d at 1262*; Henderson*, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

**IV.     Findings and Recommendations**

Plaintiff has failed to follow the requirements of the Local Rules or to prosecute this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.     This action be **DISMISSED WITHOUT PREJUDICE**; and

2.     The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **December 12, 2012**            **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE